IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60866
Summary Calendar
_____


TAMMY MEDINA,

Plaintiff-Appellant,

versus

CECIL MEDINA AND
KATHRYN LEE MCENIRY,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson Division
USDC No. 3:00-CV-6-BN
_____

May 29, 2001

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Tammy Medina appeals the dismissal of her malicious
prosecution suit filed in district court against Cecil Medina and
Kathryn Lee McEniry for lack of personal jurisdiction. Finding no
error in the district court's determination that both appellees
were not subject to personal jurisdiction in Mississippi, we

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

affirm.

Cecil and Tammy Medina were married in 1988, and resided in North Carolina until their separation in 1992. After the separation, Tammy Medina moved to Mississippi with the Medina's child.

On July 21, 1993, after a long attempt to locate his former spouse and child for visitation purposes, Cecil Medina and his lawyer, McEniry, filed an action in North Carolina state court to modify an existing child custody decree that gave joint custody of the child to Tammy Medina. The court found Tammy Medina in willful contempt of court for not complying with visitation orders, and custody was awarded to Cecil Medina. Thereafter, an arrest warrant was issued for Tammy Medina by the North Carolina court for unlawfully keeping the child outside of North Carolina with the intent to violate the child custody order.

During this time, Tammy Medina had filed for custody of the child in Mississippi state court. McEniry, a resident of North Carolina and otherwise conducting no business in Mississippi, represented Cecil Medina, also a resident of North Carolina, pro hac vice in this matter. The Mississippi court found it had concurrent jurisdiction over the custody matter with the North Carolina court, and the warrant charging Tammy Medina with intentional violation of the custody order was thereafter dismissed

2

by a North Carolina District Attorney.  Tammy Medina filed the present malicious prosecution suit in the Southern District of Mississippi soon after.

In order for a federal court sitting in diversity to exercise personal jurisdiction over a non-resident defendant, the requirements of the state long-arm statute and constitutional due process protections must both be satisfied.  For purposes of this appeal, the Mississippi long-arm statute allows a court to assert personal jurisdiction over a non-resident defendant who either commits a tort in whole or part in Mississippi or does any business or work in the state.  Miss. Code Ann. § 13-3-57 (1999).  The appellant first argues that some portion of the malicious prosecution tort--that is, the injury--took place in Mississippi. However, this court has unequivocally held that "[t]he injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred."  Allred v. Moore & Peterson, 117 F.3d 278, 283 (5th Cir. 1997).  As the action forming the foundation of Tammy Medina's malicious prosecution claim was instituted in North Carolina, that suit cannot satisfy the personal jurisdiction prerequisites of the Mississippi statute.

In addition, Tammy Medina argues that McEniry's pro hac vice representation of Cecil Medina in Mississippi was the equivalent of "doing business" in the state for personal jurisdiction purposes.

3

However, for the activities of a non-resident to satisfy the statutory "doing business" requirement, they must be of "a continuing and substantial" nature. <u>McDaniel v. Ritter</u>, 556 So.2d 303, 309 (Miss. 1989). We agree with the district court's finding that McEniry's pro hac vice appearance in Mississippi court for a single child custody dispute cannot be characterized as "continuing and substantial" conduct, and therefore she is not subject to personal jurisdiction under that prong of the Mississippi statute.

As a final matter, we further agree with the district court's finding that the exercise of personal jurisdiction over McEniry based on her pro hac vice appearance would likely violate the constitutional due process requirement of minimum contacts with the forum state. We have held that "when a lawyer chooses to represent a client in another forum, that in itself does not confer personal jurisdiction if the claim does not arise from the contacts with the forum." <u>Wien Air Alaska, Inc. v. Brandt</u>, 195 F.3d 208, 213 (5th Cir. 1999) (citation omitted). As McEniry's limited contact with Mississippi occurred after the alleged malicious prosecution in North Carolina, and because her representation of Cecil Medina in Mississippi was based upon Tammy Medina's later child custody suit and not Cecil Medina's initial child custody action in North Carolina, we find McEniry's contacts with Mississippi to be insufficient to authorize an exercise of personal jurisdiction over her under the United States Constitution.

4

Based on the foregoing reasons, the judgment of the district court granting dismissal as to both defendants for lack of personal jurisdiction is

A F F I R M E D